**PUBLISHED**

Filed: November 15, 2012

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

SHARON BURNETTE; PAMELA K.
BURROUGHS; FRANK CARTER, JR.;
EDWARD CONQUEST; DONALD W.
HOFFMAN; MONTY KING, formerly
known as Imond Monty Hicks;
LARRY MACON; MARVIN MCCLAIN;
BENJAMIN PERDUE, JR.; HENRY
STUMP; BARBARA TABOR, Suing on
behalf of themselves and all others
similarly situated,

    *Plaintiffs-Appellants,*

    v.

HELEN F. FAHEY, In her capacity as
Chair of the Virginia Parole
Board; CAROL ANN SIEVERS, In her
capacity as Vice-Chair of the
Virginia Parole Board; JACKIE T.
STUMP, In his capacity as a
Member of the Virginia Parole
Board; MICHAEL M. HAWES, In his
capacity as a Member of the
Virginia Parole Board; RUDOLPH C.
MCCOLLUM, JR., In his capacity as
a Member of the Virginia Parole
Board,

    *Defendants-Appellees.*

No. 11-1324
(3:10-cv-00070-
REP)

STEVEN WAYNE GOODMAN,

    *Amicus Supporting Appellant.*

# O R D E R

Appellants have filed a petition for rehearing and rehearing en banc. Appellees have filed a response in opposition to the petition.

Judge Niemeyer and Judge Floyd voted to deny the petition for rehearing. Judge Gregory voted to grant the petition for rehearing.

A member of the court requested a poll on the petition for rehearing en banc. Judge Gregory voted to grant rehearing en banc. Chief Judge Traxler and Judges Wilkinson, Niemeyer, Motz, King, Shedd, Duncan, Agee, Davis, Keenan, Wynn, Diaz, Floyd, and Thacker voted to deny rehearing en banc.

The petition for rehearing is denied, and, because the poll on rehearing en banc failed to produce a majority of judges in active service in favor of rehearing en banc, the petition for rehearing en banc is also denied. Judge Gregory filed an opinion dissenting from the denial of rehearing en banc.

Entered at the direction of Judge Floyd for the court.

For the Court

/s/ Patricia S. Connor, Clerk

GREGORY, Circuit Judge, dissenting from the denial of rehearing en banc:

The Court was called upon to determine what process is due to inmates who have been granted a constitutionally protected liberty interest to be considered for parole. This Court's precedent offers unclear answers, leaving potential parolees' Due Process rights woefully unsettled. Perhaps more important, Virginia's parole system, as alleged by Appellants, is fundamentally unfair to those being considered for parole. Because this case poses a "question of exceptional importance," Fed. R. App. P. 35(a)(2), I respectfully dissent from my colleagues' decision to deny rehearing en banc.

I.

As my original dissent makes clear, this Court's precedent is ambiguous as to what process must be afforded to parole-eligible inmates. *See* 687 F.3d 171, 186-88 (4th Cir. 2012) (Gregory, J., dissenting). The majority's opinion further obfuscates our precedent. In *Vann v. Angelone*, we held "[a]t most," the parole board must furnish "a statement of its reasons for denial of parole." 73 F.3d 519, 522 (4th Cir. 1996) (quoting *Franklin v. Shields*, 569 F.2d 784, 801 (4th Cir. 1978) (en banc)). The *Vann* Court qualified this holding, however, by asserting "parole authorities must investigate and weigh numerous factors" in reaching their decision. *Vann*, 73 F.3d at 521-22 (citing *Gaston v. Taylor*, 946 F.2d 340, 344 (4th Cir. 1991)). And a decade before *Vann*, we held in *Bloodgood v. Garraghty* that "[t]he board's inquiry is not the legal foundation of some past conviction, but a prediction of a prisoner's prospects for a law-abiding life." 783 F.2d 470, 473 (4th Cir. 1986) (citing *Franklin*, 569 F.2d at 800).

Both *Vann* and *Bloodgood* clearly require the parole board to do more than issue a rote letter of denial. The majority, however, conveniently cherry-picked a sentence from *Vann* in concluding Appellants cannot prove a constitutional injury

because "the Board provided a reason or reasons for its denial [of parole]." 687 F.3d at 182. The majority's interpretation of *Vann* allows the parole board to "simply print out several hundred copies of a form letter denying parole on generic grounds." 687 F.3d at 186 n.1 (Gregory, J., dissenting). The majority opinion exacerbates the tension in our case law and the Court's refusal to resolve this issue perpetuates the potential for constitutional injustice.

## II.

While *Iqbal* and *Twombly* most certainly heightened the pleading requirements of Fed. R. Civ. P. 8, they did not provide the Court *carte blanche* to shirk its duty to resolve important constitutional questions. The majority insists Appellants do not state a plausible claim because "the statistical allegations show that the Board continues to grant parole to violent offenders . . . indicat[ing] that the Board was making individual determinations." 687 F.3d at 182. The majority's logic is deeply flawed.

While Appellants' allegations may tend to show that the parole board made individual determinations for a small number of violent offenders, it does not necessarily follow that the parole board made individual determinations for *all* violent offenders, most importantly the Appellants. This is not a class action suit; Appellants are attempting to redress their *individual* constitutional grievances. They are therefore not required to show that in every single instance the parole board failed to make fair and meaningful parole considerations, particularly on the pleadings at the 12(b)(6) phase of litigation.

But beyond this, if the parole board only considered "the serious nature and circumstances of the crime" there is still a constitutional violation. In *Bloodgood*, we expressly required the parole board to look beyond the nature of the crime and look *forward* to the prisoner's "law-abiding life." 782 F.2d at 473. Therefore, the majority's belief that "the serious nature

and circumstances of the crime" is a sufficient reason to deny parole runs contrary to our precedent. *See* 687 F.3d at 182. Appellants most assuredly asserted a plausible Due Process violation that should survive a 12(b)(6) motion to dismiss.

## III.

There is a simpler reason why this Court should have granted en banc review: the parole system described in Appellants' complaint is fundamentally unfair. *See Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973). Without passing judgment on the veracity of Appellants' allegations, these litigants have pled facts sufficient to conclude that Virginia's parole board failed to consider *any* factor other than the nature of the offense for which they are incarcerated in denying them parole. This *pro forma* denial of parole robs inmates of the right to fair consideration for release. Virginia's parole board has been entrusted with the heavy burden of determining when an inmate will once more have the opportunity to be a productive citizen. Therefore, the parole board must undertake this responsibility in a way that comports with fundamental fairness. A boiler-plate letter that uses a single factor to deny individuals parole does not come close to satisfying this solemn obligation.

"The criminal justice system . . . is concerned not only with punishing the offender, but also with rehabilitating him." *Kelly v. Robinson*, 479 U.S. 36, 52 (1986). Parole embodies the very essence of rehabilitation, which Virginia's parole board systematically undermines. Virginia's parole board made an implicit pact with inmates: if you work hard at reform we will *fairly* consider you for parole. Virginia's parole board is not upholding its end of the bargain. Our refusal to correct Virginia's parole system creates perverse incentives for inmates who realize parole is practically unattainable.

Appellants overcame the dire circumstance of prison and actively reformed their lives. I hope they do not grow weary of self-improvement despite our decision to ignore their pleas for constitutional vindication. "[T]he exercise of parole discretion influences the legitimacy of the entire criminal justice system."* Assuming Appellants' allegations prove true, they have been subject to a grossly unfair parole system in violation of their Due Process rights. This fact, coupled with the muddled state of our case law, compels me to dissent from the Court's decision to deny rehearing en banc.

---

*Victoria J. Palacios, *Go and Sin No More: Rationality and Release Decisions by Parole Boards*, 45 S.C. L. Rev. 567, 568 (1994).